**IN THE UNITED STATES DISTRICT COURT**
**DISTRICT OF SOUTH CAROLINA**
**ROCK HILL DIVISION**

| | | |
|---|---|---|
| **Anaysheon Coffey,** | ) | **Case No.:** 1:24-cv-01434-SAL-SVH |
| | ) | |
| | ) | |
| **Plaintiff,** | ) | |
| | ) | |
| **v.** | ) | |
| | ) | **COMPLAINT** |
| **City of Lancaster, City of** | ) | |
| **Lancaster Police Department,** | ) | **(Jury Trial Requested)** |
| **Scott Grant and Peter Beck,** | | |
| | ) | |
| **Defendants.** | ) | |

## COMPLAINT

The Plaintiff, Anaysheon Coffey, by and through her undersigned counsel, complaining of the Defendants Lancaster County, Lancaster County Sheriff's Office, Scott Grant, and Peter Beck ("Defendants"), would respectfully show unto this Honorable Court:

## PARTIES & BACKGROUND

**Plaintiff**

1.      That Plaintiff, Anaysheon Coffey, (hereinafter "Plaintiff"), is an African American woman and was a citizen and resident of the County of Lancaster, State of South Carolina at all times relevant herein.

**City of Lancaster and Lancaster City of Lancaster Police Department**

2.      Defendants City of Lancaster and City of Lancaster Police Department are political subdivisions of the State of South Carolina, existing under the laws of the State of South Carolina (as defined by Section 15-78-10 of the Code of Laws of South Carolina (1985), as amended).

1

3.      At all times relevant herein, Defendants City of Lancaster and City of Lancaster Police Department operated and controlled the City of Lancaster Police Department, and acted and carried on their business by and through their agents, servants, and/or employees who were operating within the scope of their officially assigned and/or compensated duties.

**Detective Sgt. Peter Beck**

4.      Upon information and belief, Defendant Detective Sgt. Peter Beck (hereinafter referred to as "Officer Peter Beck") is a resident and citizen of South Carolina and was an agent, servant and/or employee of Defendants City of Lancaster and/or City of Lancaster Police Department at all times relevant herein.  Specifically, Officer Beck, at all times relevant herein, was employed by City of Lancaster and/or City of Lancaster Police Department as a police officer.  For purposes of this action, Officer Peter Beck is being sued in his individual capacity under the color of state law.  Furthermore, Defendant Deputy Christopher Brooks was well aware of Plaintiff's constitutional rights that he violated.

**Police Chief Scott Grant**

5.      Upon information and belief, Defendant Chief Scott Grant is a resident and citizen of South Carolina and was an agent, servant, and/or employee of Defendants City of Lancaster and/or City of Lancaster Police Department at all times relevant herein. Specifically, at all times relevant herein, Chief Scott Grant was the duly appointed Chief of Police for the City of Lancaster Police Department.  As such, he was the leader and commanding officer of Defendant Officer Peter Beck and ultimately responsible for Defendant Officer Peter Beck's, and all of his subordinates, hiring, training, supervision,

2

retention, and conduct. For purposes of this action, Defendant Chief Scott Grant is being sued in his individual capacity under the color of state law. Furthermore, Defendant Chief Scott Grant was well aware of Plaintiff's constitutional rights that were violated.

## JURISDICTION AND VENUE

6.      This court has a federal question and supplemental jurisdiction pursuant to 28 U.S.C. § 1331 and 28 U.S.C. § 1367 because: (i) the federal law claims arising under the constitution and statutes of the United States; and (ii) the state law claims are so closely related to the federal law claims as to form the same case or controversy under Article III of the United States Constitution.

7.      Venue in this action properly lies in this district pursuant to 28 U.S.C. §1391 because the Defendants are considered to reside in this judicial district and the separate and distinct acts and occurrences giving rise to the claims occurred in this judicial district.

## FACTUAL ALLEGATIONS APPLICABLE TO ALL CLAIMS

8.      That Plaintiff incorporates herein by reference all the allegations contained in the above paragraphs and throughout this entire Complaint as though the same were fully set forth herein at length.

9.      That upon information and belief, and at all times relevant herein, Defendant Officer Peter Beck was an employee and servant of Defendants City of Lancaster and/or City of Lancaster Police Department as a police officer and public official making him under the direct control and supervision of Defendants City of Lancaster and/or City of Lancaster Police Department and Chief Scott Grant.

10.     At all times relevant herein, Defendant Officer Peter Beck used the resources and abused the power and authority of his office to racially profile, harass,

ridicule, assault, and violate the constitutional rights of citizens, including Plaintiff, whom he took an oath to protect and serve, in contradiction of his duties and accountability to the public.

11.    That upon information and belief, and at all times relevant herein, Defendant Officer Peter Beck was on duty, in uniform, wearing a badge, carrying his service weapon and/or acting under the color of law in the course and scope of his employment.

12.    That upon information and belief, and at all times relevant herein, Defendants City of Lancaster and/or City of Lancaster Police Department and Chief Scott Grant had the ability to control or should have known they had the ability to control Defendant Officer Peter Beck, making them liable for his acts and conduct.

13.    That upon information and belief, and at all times herein, Defendants City of Lancaster and/or City of Lancaster Police Department and Chief Scott Grant knew or should have known of the necessity and opportunity to exercise control of Defendant Officer Peter Beck.

14.    That upon information and belief, Defendants City of Lancaster and/or City of Lancaster Police Department and Chief Scott Grant possessed actual and/or constructive knowledge of Defendant Officer Peter Beck's propensity to harm those he swore an oath to protect and serve, including Plaintiff, yet failed to take any action against Defendant Peter Beck, allowing him to racially profile, harass, ridicule, assault, and violate the constitutional rights of citizens, including Plaintiff under the guise of the City of Lancaster Police Department.

15.    On or about August 25, 2020, Plaintiff was in her residence in Lancaster County, South Carolina.

16.    At the same time, Defendant Officer Peter Beck was on duty, in uniform, wearing a badge, carrying his service weapon and/or acting under the color of law in the course and scope of his employment as an Officer for the City of Lancaster Police Department.

17.    That day, Defendant Officer Peter Beck knocked on the door of Plaintiff's residence.  Subsequently, Plaintiff opened her door and Defendant Officer Peter Beck asked Plaintiff if her child's father was there.  After a brief conversation, Defendant Officer Peter Beck asked if he could come inside of Plaintiff's residence.  Plaintiff then informed Officer Peter Beck that he could not come inside because he did not have a warrant.

18.    Notwithstanding Plaintiff informing Defendant Officer Peter Beck that he could not come inside of her residence without a warrant, Officer Peter Beck barged in and began to illegally search the apartment.

19.    After illegally entering and searching Plaintiff's residence in violation of Plaintiff's constitutional rights, Plaintiff was wrongfully arrested/detained for alleged criminal offenses.

20.    Defendant Officer Peter Beck's wrongful arrest of Plaintiff resulted in her being taken jail and sustaining other damages"

21.    Plaintiff was eventually released from jail on bond pending the resolution of her alleged criminal charges.

22.    Following Plaintiff's arrest, Defendant Officer Beck became the subject of an investigation on grounds that he used his power and authority as a City of Lancaster

Police Officer to racially profile, harass, ridicule, assault, and wrongfully arrest African American residents in Lancaster.

23.    On or about February 9, 2021, more than 20 residents of Lancaster voiced complaints to the Lancaster City Council concerning Defendant Officer Peter Beck illegally targeting African Americans during traffic stops and other interactions in violation of their constitutional rights.

24.    In March of 2021, Defendant Officer Peter Beck was placed on leave by Defendants City of Lancaster and/or City of Lancaster Police and ultimately resigned or in April of 2021.

25.    Despite Defendants City of Lancaster, City of Lancaster Police Department, and Chief Scott Grant being aware that Defendants' arrest of Plaintiff was unlawful and unconstitutional and in violation of established precedent, they continued to prosecute Plaintiff maliciously for the alleged criminal offenses she was accused of.

26.    Defendants initiated the criminal proceedings against Plaintiff and maliciously prosecuted criminal proceedings against Plaintiff from the date of her arrest on or about August 25, 2020, until on or about January 24, 2022, when the charges were dismissed.

27.    Defendants' never informed Plaintiff that the criminal charges initiated by them were dismissed.  Plaintiff did not have the requisite knowledge to know that Defendants' actions and inactions were done without the proper authority by law.

28.    On or about April 3, 2022, Plaintiff obtained knowledge of the wrongs that Defendants' committed against her through their actions and inactions after she discovered

through her own independent means that the criminal charges she was allegedly accused of committing were dismissed on January 24, 2022.

29.    That Plaintiff is informed and believes that Defendant Officer Peter Beck used the resources and abused the power and authority of his office to racially profile, harass, assault, wrongfully, arrest, and violate the constitutional rights of citizens, including Plaintiff, whom he took an oath to protect and serve, in direct contradiction of his duties and accountability to the public.

30.    That City of Lancaster and/or City of Lancaster Police Department and Chief Scott Grant were under a duty to prevent Officer Peter Beck from harming Plaintiff, and/or conducting himself in a manner that created an unreasonable risk of harm to citizens, including Plaintiff.

31.    Notwithstanding information that was known or should have been known by Defendants City of Lancaster and/or City of Lancaster Police Department and Chief Scott Grant, Defendants City of Lancaster and/or City of Lancaster Police Department and Chief Scott Grant, continued to employ and retained Defendant Officer Peter Beck, took no measure to ensure the safety, security, and constitutional rights of the citizens' Defendant Peter Beck was charged to protect and serve, including Plaintiff, and failed to properly monitor and supervise Defendant Officer Peter Beck.

32.    That as a direct and proximate result of Defendants' actions and/or inactions, including Defendant Officer Peter Beck's actions in unlawfully entering and searching Plaintiff's residence and wrongfully arresting her, Plaintiff suffered harm that included but are not limited to: violation of her constitutional right under the Fourth Amendment to the United States Constitution to remain free from unreasonable seizures

and use of excessive force, violation of her constitutional right under the Fourteenth Amendment to the United States Constitution to the possession and control of her own person and right to be free from any violations of her liberty interest, great and permanent mental harm and injury, assault, battery, economic loss, emotional distress, anguish, distress, psychological trauma, apprehension, anxiety, depression, embarrassment, fear, shame, humiliation, loss of wages, loss of earning capacity, and a loss of enjoyment of life, which has and will in the future cause her to spend money for mental health treatment services.

### FOR A FIRST CAUSE OF ACTION
### AS TO DEFENDANTS CITY OF LANCASTER AND CITY OF
### LANCASTER POLICE DEPARTMENT
**Negligence/Gross Negligence and/or Recklessness**

33.    That Plaintiff incorporates herein by reference all the allegations contained in the above paragraphs and throughout this entire Complaint as though the same were fully set forth herein at length.

34.    That Defendants were acting under the color or pretense of State law, customs, practices, usage, or policy at all times mentioned herein by employing agents, supervisors, or other such personnel and/or employees and had certain duties imposed upon it with regard to Plaintiff.

35.    That Defendants acting through its agents and servants were negligent, careless, reckless, and grossly negligent at the time and place aforementioned in the following particulars:

    a)  In arresting Plaintiff without probable cause;

    b)  In falsely arresting Plaintiff;

    c)  In arresting Plaintiff without sufficient grounds to make an arrest;

8

d) In ordering an arrest when there was no charge to arrest for;

e) In failing to properly train, supervise, and monitor its staff;

f) In violating established precedent and in arresting Plaintiff without probable cause;

g) In failing to take that degree of skill and care which a reasonable and/or prudent person would have done under the same or similar circumstances;

h) In arresting Plaintiff due to bias;

i) In failing to properly hire, train, and/or supervise its employees;

j) In failing to have adequate policies and procedures in place to protect citizens from being arrested by officers without probable cause;

k) In failing to enforce their own internal rules, policies, procedures, and standards;

l) In refusing the dismiss the charges after reviewing the evidence;

m) In arresting Plaintiff without justification;

n) In the officer's failure to conform her conduct to her training;

o) In exercising his discretion in a grossly negligent manner (see *Duncan vs. Hampton County School District # 2* 335 S.C. 535, 517 S.E.2d 449 (S.C. App. 1999 "if discretion is exercised in a grossly negligent manner then the government entity involved is liable for its torts as if it were a private individual)

p) In failing to exercise reasonable or slight care to protect Plaintiff from harm at the hands of its personnel, agents, officers, and/or employees;

q) In failing to exercise reasonable or slight care to properly train and/or supervise its personnel, agents, officers, and/or employees;

r) In failing to exercise reasonable or slight care to draft and/or institute proper policy and procedure with regard to the hiring and evaluation of its agents;

s) In failing to exercise reasonable or slight care to draft and/or institute proper policy and procedure necessary to ensure that citizens were safe and protected from racial profiling, harassment, ridicule, abuse, unlawful

searches and seizures, wrongful arrests, and threatening behavior by their agents;

t)   In failing to exercise reasonable or slight care to draft and/or institute proper policy and procedure that would lead to the discovery of inappropriate, threatening actions by its employees and prevent the same from occurring;

u)   In failing to exercise reasonable or slight care to make periodic and proper investigations and take remedial action as might be necessary to prevent inappropriate, unlawful, and/or unconstitutional actions;

v)   In failing to exercise reasonable or slight care to take the appropriate time to follow-up, review and/or check compliance with policy, state law and/or existing orders;

w)  In failing to exercise reasonable or slight care to properly supervise Defendant Officer Peter Beck;

x)   In failing to exercise reasonable or slight care to provide Plaintiff with proper protection from abuse (both physical and mental) at the hands of their agents when it had notice of their agent's propensities towards inappropriate, unlawful, and/or unconstitutional actions;

y)   In conducting themselves in an egregious and arbitrary manner;

z)   In threatening, assaulting, racially profiling, harassing and/or abusing Plaintiff;

aa) In breaching their fiduciary duty of trust with regard to Plaintiff;

bb) In failing to follow and adhere to the local state and national standards, policies, and procedures including the policies and procedures of the City of Lancaster Police Department;

cc) In failing to follow and adhere to the policies and procedures of the City of Lancaster Police Department;

dd) In engaging in a pattern and practice of allowing and/or condoning inappropriate, unlawful, and unconstitutional conduct on behalf of the City of Lancaster Police Department officers;

ee) In failing to sufficiently monitor and supervise employees of the City of Lancaster Police Department;

ff)  In failing to have the appropriate policies and procedures in place to provide adequate supervision;

gg) In negligently permitting agents to racially profile, harass, violate the constitutional rights, and wrongfully arrest African American citizens, including Plaintiff;

hh) In failing to adopt, implement, enforce, and/or follow policies and/or procedures for reasonable interaction with citizens;

ii) In failing to exercise even slight care to protect Plaintiff from harm; and

jj) In any other manner that Plaintiff may become aware of through discovery and/or trial.

36.    All of which were the direct and proximate cause of the damages suffered by Plaintiff herein, said acts being in violation of the statutes and laws of the State of South Carolina.

37.    That as a direct and proximate result of Defendants' negligence, gross negligence, carelessness and/or recklessness, Plaintiff was harmed, suffered economic loss, and sustained serve and permanent emotional distress, humiliation, mental anguish, indignity, loss of pleasures and enjoyment of life which required and will in the future require psychological and psychiatric medical care and treatment.

38.    That as a direct and proximate result of Defendants' negligence and/or recklessness, Plaintiff has and will likely, in the future, be caused to incur medical expenses.

39.    That Plaintiff is informed and believes that she is entitled to ACTUAL and CONSEQUENTIAL DAMAGES in an amount that would adequately compensate her for their injuries and damages.

**FOR A SECOND CAUSE OF ACTION**
**AS TO DEFENDANTS CITY OF LANCASTER AND CITY OF**
**LANCASTER POLICE DEPARTMENT**
**Negligent Supervision/ Negligent Hiring/Negligent Training/Negligent Retention**

40.    That Plaintiff incorporates herein by reference all the allegations contained in the above paragraphs and throughout this entire Complaint as though the same were fully set forth herein at length.

41.    That Defendants were acting under the color or pretense of State law, customs, practices, usage, or policy at all times mentioned herein by employing agents, supervisors, or other such personnel and/or employees and had certain duties imposed upon it with regard to Plaintiff.

42.    That Plaintiff is informed and believes that Defendant through the negligent, reckless, wanton, outrageous, and grossly negligent conduct of its employees are further negligent, willful, careless, reckless, and grossly negligent in one or more of the following particulars:

a)   In failing to exercise the degree of care that a reasonable employer would have exercised under the same or similar circumstances;

b)   In failing to conduct a proper and adequate background search or review of its employees before and after hiring;

c)   In failing to monitor the conduct of its employees and to take appropriate steps to discipline and/or terminate them subsequent to the commissions of negligent, outrageous, willful, wanton, reckless, grossly negligent and/or unlawful acts;

d)   In failing to properly supervise its employees;

e)   In failing to have in place adequate policies and procedures to monitor its employees, and if such policies and procedures were in place, in failing to enforce them;

f)   In failing to have in place adequate policies and procedures to mandate compliance by its employees with state and federal guidelines, statutes, laws, and regulations, and if such policies and procedures were in place, in failing to enforce them;

g)   In any other such manner that Plaintiff may become aware of through discovery and/or at trial.

43.    That all of which were the direct and proximate cause of the damages suffered by the Plaintiff herein, said acts being in violation of the laws of the State of South Carolina.

44.    That Plaintiff's injuries were of such nature as to require her to expend monies, to receive additional medical attention, and to require medical necessities.

45.    That Plaintiff has suffered and will continue to suffer physical pain, humiliation, mental anguish, emotional distress, medical expenses, wage loss, and loss of enjoyment of life.

46.    That Plaintiff is informed and believes that she is entitled to ACTUAL and CONSEQUENTIAL DAMAGES in an amount that would adequately compensate her for their injuries and damages.

### FOR A THIRD CAUSE OF ACTION
### AS TO DEFENDANTS CITY OF LANCASTER AND CITY OF LANCASTER POLICE DEPARTMENT
**Outrage**

47.    That Plaintiff incorporates herein by reference all the allegations contained in the above paragraphs and throughout this entire Complaint as though the same were fully set forth herein at length.

48.    That Defendants were acting under the color or pretense of State law, customs, practices, usage, or policy at all times mentioned herein by employing agents, supervisors, or other such personnel and/or employees and had certain duties imposed upon it with regard to Plaintiff.

49.    That the South Carolina Supreme Court recognized the actionability of the tort of reckless infliction of emotional distress which is commonly known as Outrage under the

South Carolina Tort Claims Act in *Bass v. S.C. Dept. of Soc. Servs.,* 414 S.C. 558, 780 S.E.2d 252 (2015).

50.    That physical damages are not necessary to prove mental anguish *Doe v. Greenville Hosp. Sys.*, 323 S.C. 33, 38-39, 448 S.E.2d 564, 567 (Ct.App. 1994).

51.    That the South Carolina Tort Claims Act includes mental anguish in their definition of loss for which damages may be recovered under the Act. S.C. Code Ann. §§ 15-78-30 (f).

52.    That Defendants were negligent, grossly negligent, wanton and/or reckless for the reasons outlined more fully herein.

53.    That the negligence, gross negligence, wantonness and/or recklessness of Defendants as further described herein, cause severe emotional distress/mental anguish on Plaintiff.

54.    That Defendants knew or should have known that their negligent, wanton and/or reckless conduct would cause severe emotional distress/mental anguish to Plaintiff.

55.    That Defendants' negligence, gross negligence, wantonness and/or recklessness was so extreme and outrageous that it exceeded all possible bounds of decency and must be regarded as atrocious, and utterly intolerable in a civilized community.

56.    That as a direct and proximate result of Defendants' negligent and/or reckless acts; Plaintiff suffered injuries and damages as further described herein.

57.    That as a direct and proximate result of Defendants' negligent and/or reckless acts; Plaintiff suffered severe emotional distress/mental anguish that no reasonable person should expect to endure.

14

58.     That Plaintiff's emotional distress/mental anguish was of such nature so as to require them to expend monies, to receive additional medical attention, and to require medical necessities.

59.     That Plaintiff has suffered and will continue to suffer physical pain, humiliation, mental anguish, emotional distress, medical expenses, wage loss, and loss of enjoyment of life.

60.     That Plaintiff is informed and believes that she is entitled to ACTUAL and CONSEQUENTIAL DAMAGES in an amount that would adequately compensate her for her severe emotional distress/mental anguish, injuries, and damages.

**FOR A FOURTH CAUSE OF ACTION**
**AS TO DEFENDANTS CITY OF LANCASTER AND CITY OF**
**LANCASTER POLICE DEPARTMENT**
**State Law False Imprisonment and Malicious Prosecution**

61.     That Plaintiff incorporates herein by reference all the allegations contained in the above paragraphs and throughout this entire Complaint as though the same were fully set forth herein at length.

62.     That Defendants were acting under the color or pretense of State law, customs, practices, usage, or policy at all times mentioned herein by employing agents, supervisors, or other such personnel and/or employees and had certain duties imposed upon it with regard to Plaintiff.

63.     That the City of Lancaster has a police department and that officers and/or agents of the Lancaster Police Department did arrest Plaintiff without probable cause.

64.     That on or about August 25, 2020, Plaintiff was arrested by officers and/or employees for the City of Lancaster and/or City of Lancaster Police Department.

65.     That all criminal charges were dismissed on or about January 24, 2022.

66.     That the wrongful arrest and false imprisonment of Plaintiff resulted I her being taken to the Detention Center and further resulted in her losing her housing.

67.     That Plaintiff eventually bonded out of jail and the criminal charges were dismissed.

68.     That Plaintiff brings this cause of action against Defendants for its wrongful acts.

69.     That Defendants City of Lancaster and City of Lancaster Police Department, through its officers, agents and/or employees, was negligent, reckless, willful and wanton, in one or more of the following particulars:

a)  In arresting Plaintiff without probable cause;

b)  In falsely arresting Plaintiff;

c)  In arresting Plaintiff without evidence;

d)  In ordering an arrest when Defendants' obtained said alleged evidence improperly and in violation of Plaintiff's constitutional rights;

e)  In violating established precedent and in arresting Plaintiff without probable cause;

f)  In failing to take the degree of skill and care which a reasonable and/or prudent person would have done under the same or similar circumstances;

g)  In arresting Plaintiff without proof and based on innuendo and/or rumors; and

h)  In any other such manner that Plaintiff may become aware of through discovery and/or at trial.

70.     That as a direct and proximate result of Defendants' negligent and/or reckless acts; Plaintiff suffered injuries and damages as further described herein, including but not limited to losing her housing.

71.     That as a direct and proximate result of Defendants' negligent and/or reckless acts; Plaintiff suffered severe emotional distress/mental anguish that no reasonable person should expect to endure.

72.     That Plaintiff's emotional distress/mental anguish was of such nature so as to require them to expend monies, to receive additional medical attention, and to require medical necessities.

73.     That Plaintiff has suffered and will continue to suffer physical pain, humiliation, mental anguish, emotional distress, medical expenses, wage loss, and loss of enjoyment of life.

74.     That Plaintiff is informed and believes that she is entitled to ACTUAL, CONSEQUENTIAL and PUNITIVE DAMAGES in an amount that would adequately compensate her for her severe emotional distress/mental anguish, injuries, and damages

**FOR A FIFTH CAUSE OF ACTION**
**AS TO DEFENDANT OFFICER PETER BECK**
**Violation of Civil Rights Pursuant to 42 U.S.C. § 1983**
**Unreasonable Search and Seizure - Fourth Amendment**

75.     That Plaintiff incorporates herein by reference all the allegations contained in the above paragraphs and throughout this entire Complaint as though the same were fully set forth herein at length.

76.     That during the time period in question, Defendant Officer Peter Beck was acting under the color or pretense of State law, customs, practices, usage, or policy as a sworn deputy with the City of Lancaster Police Department and had certain duties imposed upon him with regard to Plaintiff.

77.     That during the time period in question, Defendant Officer Peter Beck was well aware of Plaintiff's constitutional rights, including her constitutional right protected

by the Fourth Amendment to the United States Constitution to remain free from unreasonable seizures and use of excessive force.

78.     Courts have consistently recognized the right against "to remain free from unreasonable searches and seizures" at the hands of the state to be one of the "rights" protected by the United States Constitution. The above set forth facts show that Defendant Officer Peter Beck subjected Plaintiff to an unreasonable search and seizure when he unlawfully entered her residence without a warrant an arrested/detained her for an alleged criminal offense without probable cause or reasonable suspicion to do so.

79.     That Defendant Officer Peter Beck's intentional, reckless, willful, and wanton actions described herein, were, in fact, the direct and proximate cause of Plaintiff's resulting damages and harms.

80.     As a direct and proximate cause of D Defendant Officer Peter Beck's conduct, Plaintiff has been injured and damaged in that she has been deprived of the rights, privileges, and immunities afforded to the citizens of the State of South Carolina and the United States; has been subject to economic loss, psychological injury; has endured and will endure mental anguish and emotional distress; has incurred medical bills, and will incur medical bills in the future; has been deprived of the enjoyment of her life, thereby entitling her to an award of ACTUAL, CONSEQUENTIAL, PUNITIVE DAMAGES, costs, and reasonable attorney fees.

**FOR A SIXTH CAUSE OF ACTION**
**AS TO DFENDANTS CITY OF LANCASTER AND CITY OF LANCASTER**
**POLICE DEPARTMENT**
**Malicious Prosecution/Prosecution Without Probable Cause**
**Under 42 U.S.C. § 1983**

81.     That Plaintiff incorporates herein by reference all the allegations contained in

18

the above paragraphs and throughout this entire Complaint as though the same were fully set forth herein at length.

82.    That during the time period in question, Plaintiff had the right under the Fourth Amendment to not be prosecuted without probable cause. See Durham v. Horner, 690 F.3d 183 (4th Cir. 2012).

83.    That during the time period in question, Defendants were well aware that probable cause did not exist to arrest and prosecute Plaintiff, intentionally, recklessly, and with malice causing Plaintiff to be arrested, held on bail, and prosecuted.

84.    Defendants knew that Defendant Officer Peter Beck arrested Plaintiff without probable cause and that Defendants did not have probable cause to prosecute Plaintiff for the alleged charges that were instituted against her.

85.    That Defendants failed to inform the Solicitor's office and the Court about their lack of probable cause in arresting and prosecuting Plaintiff and upon information and belief, made false or misleading information and material omissions in there statements to the Solicitor's office and the Court.

86    That as a direct and proximate cause of Defendants actions and inactions, Plaintiff was arrested, charged, and prosecuted without probable cause.

87.    That all of the charges stemming from Defendant Officer Peter Beck's arrest of Plaintiff were dismissed.

88.    That Defendants never informed Plaintiff of the dismissal of the alleged criminal charges instituted against her.

89.    That as a direct and proximate cause of Defendants' actions and inactions, Plaintiff has been injured and damaged in that she has been deprived of the rights,

privileges, and immunities afforded to the citizens of the State of South Carolina and the United States; has been subject to economic loss, psychological injury; has endured and will endure mental anguish and emotional distress; has incurred expenses, and medical bills, and will incur expenses and medical bills in the future; has been deprived of the enjoyment of her life, thereby entitling her to an award of ACTUAL, CONSEQUENTIAL, PUNITIVE DAMAGES, costs, and reasonable attorney fees.

**FOR A SEVENTH CAUSE OF ACTION**
**AS TO DEFENDANT CHIEF SCOTT GRANT**
**Violation of Civil Rights Pursuant to 42 U.S.C. § 1983 – Supervisory Liability**

90.     That Plaintiff incorporates herein by reference all the allegations contained in the above paragraphs and throughout this entire Complaint as though the same were fully set forth herein at length.

91.     That during the time period in question, Defendant Chief Scott Grant was the duly appointed Chief of Police for the Lancaster Police Department.  As such, he was the leader and commanding officer of Defendant Officer Peter Beck and ultimately responsible for Defendant Officer Peter Beck, and all of his subordinates, hiring, training, supervision, retention, and conduct.

92.     That during the time period in question, Defendant Chief Scott Grant was the duly appointed Chief of Police for the City of Lancaster Police Department and was acting under the color or pretense of State law, customs, practices, usage, or policy as the director and supervisor/commanding officer of Defendant Officer Peter Beck on behalf City of Lancaster and/or City of Lancaster Police Department and had certain duties imposed upon them with regard to Plaintiff.

93.     That during the time period in question, Defendant Chief Scott Grant was

well aware of Plaintiff's constitutional rights, including her constitutional right protected by the Fourth Amendment to the United States Constitution to remain free from unreasonable searches and seizures, and her constitutional right under the Fourth Amendment to the United States Constitution.

94.     That Defendant Chief Scott Grant in his role as the duly appointed Chief of Police for the City of Lancaster Police Department was the policymakers for the City of Lancaster Police Department, and when enacting and implementing such policies, were acting with the express authority of City of Lancaster and/or City of Lancaster Police Department.

95.     That upon information and belief, Defendant Chief Scott Grant actual and/or constructive knowledge that City of Lancaster and/or City of Lancaster Police Department was the subject of allegations of misconduct and posed harm to citizens he was sworn to protect, including Plaintiff.

96.     That Defendant Chief Scott Grant, as Defendant Officer Peter Beck's supervising and commanding officer, possessed the power to prevent the actions of Defendant Officer Peter Beck.  However, despite their ability failed to act permitted Defendant Officer Peter Beck's actions by consciously and intentionally failing to act or intervene.

97.     That all of the above-referenced failures are the responsibility of Defendant Chief Scott Grant, who was deliberately indifferent to his responsibility to train and supervise the City of Lancaster Police officers, including Defendant Officer Peter Beck, and as was allowed to interact with the public and more specifically, Plaintiff.

98.     As a direct and proximate result of the above-mentioned unconstitutional

action of Defendant Chief Scott Grant, Plaintiff has been harmed and damaged in that she has been deprived of the rights, privileges, and immunities afforded to the citizens of the State of South Carolina and the United States; has been subject to unreasonable search and seizure, wrongful arrest, malicious prosecution, economic loss, physical and psychological injury; has endured and will endure mental anguish and emotional distress; has incurred medical bills, and will incur medical bills in the future; has been deprived of the enjoyment of her life, thereby entitling her to an award of ACTUAL, CONSEQUENTIAL, PUNITIVE DAMAGES, costs, and reasonable attorney fees.

**FOR AN EIGHTH CAUSE OF ACTION
AS TO DEFENDANT CITY OF LANCASTER
42 U.S.C. § 1983 – Monell Liability**

99.     That Plaintiff incorporates herein by reference all the allegations contained in the above paragraphs and throughout this entire Complaint as though the same were fully set forth herein at length.

100.     Under the principles of municipal liability, Defendant City of Lancaster, owed a duty to the public at large and to Plaintiff to implement policies, procedures, customs, and practices sufficient to prevent, deter, and avoid conduct by subordinates that violate the constitutional rights of citizens.

101.     That at all times relevant herein, Defendant City of Lancaster was well aware of Plaintiff's constitutional rights, including her constitutional right protected by the Fourth Amendment to the United States Constitution to remain free from unreasonable searches and seizures.

102.     Defendant City of Lancaster's failure to implement and/or enforce policies, procedures, customs, and practices sufficient to prevent, deter, and avoid conduct by

subordinates that violate the constitutional rights of citizens resulted in the harm and violation of the constitutional rights of Plaintiff as described herein.

103.    That notwithstanding their duty owed to the public at large and Plaintiff, Defendant City of Lancaster knowingly and intentionally breached said duty or were deliberately indifferent to this duty.

104.    As a direct and proximate result of the above-mentioned unconstitutional action of Defendant City of Lancaster, Plaintiff has been injured and damaged in that she has been deprived of the rights, privileges, and immunities afforded to the citizens of the State of South Carolina and the United States; has been subject unreasonable search and seizure, wrongful arrest, malicious prosecution, economic loss, physical and psychological injury; has endured and will endure mental anguish and emotional distress; has incurred medical bills, and will incur medical bills in the future; has been deprived of the enjoyment of her life, thereby entitling her to an award of ACTUAL, CONSEQUENTIAL, PUNITIVE DAMAGES, costs, and reasonable attorney fees.

**RELIEF REQUESTED**

105.    That Plaintiff incorporates herein by reference all the allegations contained in the above paragraphs and throughout this entire Complaint as though the same were fully set forth herein at length.

106.    **WHEREFORE,** Plaintiff demands a trial by jury as provided for in the Seventh Amendment to the Constitution of the United States of America and prays for judgment against the Defendants both jointly and in combination as follows:

a.  Actual damages on all causes of action;

b.  Incidental damages on all causes of action;

c.  Consequential damages on all causes of action;

d.  Punitive damages on the FIFTH, SIXTH, SEVENTH, and EIGHTH causes of actions;

e.  For reasonable attorney's fees and the costs and expenses of this action pursuant to 28 U.S.C. § 1988; and

f.  For such other and further relief as the court may deem just and proper.


Respectfully submitted,


s/Tyler D. Bailey
Federal ID #12294
BAILEY LAW FIRM, L.L.C.
1921 Henderson Street (29201)
P.O. Box 532
Columbia, South Carolina 29202
Telephone: (803) 667-9716
Facsimile: 1-803-526-7642
Email: tyler@baileylawfirmsc.com